UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RONALD CARTER** | **CIVIL ACTION** |
| **VERSUS** | **NO. 11-2601** |
| **MARLIN GUSMAN** | **SECTION: "I"(1)** |

## REPORT AND RECOMMENDATION

Plaintiff, Ronald Carter, a state prisoner, filed this *pro se* complaint pursuant to 42 U.S.C. § 1983 against Orleans Parish Sheriff Marlin Gusman. In this lawsuit, plaintiff claims that his rights are being violated because the services available to him within the Orleans Parish Prison system pale in comparison to the wider array of services available to state prisoners housed in facilities operated by the Louisiana Department of Public Safety and Corrections. As relief, he requests a transfer to a state prison.

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In making a determination as to whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *In re* Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted). The United States Supreme Court has explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted

>unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citations and quotation marks omitted).

Although broadly construing plaintiff's complaint,[1] the Court nevertheless finds that, for all of the following reasons, the complaint should be dismissed as frivolous and/or for failure to state a claim on which relief may be granted.

As an initial matter, the Court notes that the only relief plaintiff seeks is an order directing that he be transferred to a different facility.[2] However, the Court has no authority to issue such an order. Placement of state prisoners is a matter left to the discretion of state officials. A prisoner has no constitutional right springing from the Constitution itself or from any protected liberty or property interest arising from state law to be housed in any particular facility or to be transferred from one prison facility to another, even if life in one prison may be much more disagreeable than in another. Olim v. Wakinekona, 461 U.S. 238, 245-46 (1983); Montanye v. Haymes, 427 U.S. 236, 242 (1976); Meachum v. Fano, 427 U.S. 215, 224-25 (1976); Tighe v. Wall, 100 F.3d 41, 42 (5th Cir. 1996); Biliski v. Harborth, 55 F.3d 160, 162 (5th Cir. 1995); Jackson v. Cain, 864 F.2d 1235, 1250 (5th Cir. 1989); Maddox v. Thomas, 671 F.2d 949, 950 (5th Cir. 1982); Davis v. St. Charles Parish Correctional Center, Civ. Action No. 10-98, 2010 WL 890980, at *3 (E.D. La. Mar. 8, 2010); Oatis v. St. Tammany Parish Sheriff's Office, Civ. Action No. 09-6266, 2009 WL 3566120, at *3

---

[1] The court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

[2] Rec. Doc. 1, p. 4.

3

(E.D. La. Oct. 29, 2009); George v. Travis, Civ. Action No. 07-986, 2007 WL 1428744, at *8 n.12 (E.D. La. May 10, 2007).

That said, even if plaintiff had requested an appropriate form of relief, his underlying claims are subject to dismissal for the following reasons.

Broadly construed, the complaint appears to be asserting an equal protection claim based on plaintiff's allegation that he is being denied the array of services and programs available to state prisoners housed in prisons operated by the Louisiana Department of Public Safety and Corrections. However, to properly state an equal protection claim, a plaintiff's allegations must have two prongs: (1) "that he received treatment different from that received by similarly situated individuals" and (2) "that the unequal treatment stemmed from a discriminatory intent." Taylor v. Johnson, 257 F.3d 470, 473 (5th Cir. 2001). Here, plaintiff fails to satisfy either of those prongs.

As to the first prong, plaintiff's allegations are clearly insufficient. As noted, plaintiff compares himself and the conditions of his confinement to prisoners in Louisiana state prisons and the conditions of their confinement. However, that is not the relevant comparison for equal protection purposes. Because plaintiff has no right to be housed in a state prison,[3] any comparison to prisoners in Louisiana state prisons and the conditions of their confinement is irrelevant. Rather, for equal protection purposes, the only relevant comparison is whether he is treated differently than

---

[3] Louisiana law expressly provides: "[A]ny individual subject to confinement in a state adult penal or correctional institutional shall be committed to the Louisiana Department of Corrections and not to any particular institution within the jurisdiction of the department." La.Rev.Stat.Ann. § 15:824(A). State law also expressly provides that, when necessary, state prisoners may be confined in parish jails. La.Rev.Stat.Ann. § 15:824(B)(1)(a). Further, as previously noted, prisoners have no right under federal law to be housed in any particular facility.

4

persons "similarly situated," and the only such persons in that category are his fellow inmates within the Orleans Parish Prison system.  See Woods v. Collins, No. 95-10432, 1995 WL 581879, at *2 (5th Cir. Sept. 21, 1995); Biliski v. Harborth, 55 F.3d 160, 162 (5th Cir. 1995); Clark v. Foti, No. 94-30615, 1995 WL 136127, at *2 (5th Cir. Mar. 8, 1995); Davis v. St. Charles Parish Corr. Center, Civ. Action No. 10-98, 2010 WL 890980, at *6 (E.D. La. Mar. 8, 2010); Hill v. Stephens, Civ. Action No. 08-5233, 2009 WL 1808596, at *2 (E.D. La. Jun. 18, 2009); Hymel v. Champagne, No. 07-450, 2007 WL 1030207, at *2 (E.D. La. Mar. 28, 2007); Santos v. Louisiana Department of Corrections Secretary, Civ. Action No. 95-4215, 1996 WL 89260, at *5 (E.D. La. Feb. 28, 1996). Because plaintiff does not allege that he was treated differently than those prisoners, he has not stated a cognizable equal protection claim.

Further, his claim also fails at the second prong of the analysis.  As to that prong, "[d]iscriminatory purpose in an equal protection context implies that the decisionmaker selected a particular course of action at least in part because of ... the adverse impact it would have on an identifiable group." United States v. Galloway, 951 F.2d 64, 65 (5th Cir. 1992); see also Taylor v. Johnson, 257 F.3d 470, 473 (5th Cir. 2001). Plaintiff does not allege that the different treatment here stems from an intent to discriminate against him due to his membership in any identifiable group. "[I]n the absence of an allegation of discriminatory motive, a mere claim of inconsistent outcomes in particular, individual instances furnishes no basis for relief based on the denial of equal protection." Stevenson v. Louisiana Board of Parole, No. 01-30252, 2001 WL 872887, at *1 (5th Cir. July 11, 2001).

5

Accordingly, if plaintiff is in fact asserting an equal protection claim, that claim clearly fails. Further, if, aside from any equal protection considerations, he is instead merely contending that the underlying prison conditions are unconstitutional, his claims fare no better for the following reasons.

Plaintiff first complains that the Orleans Parish Prison system does not offer educational, "self-help," or drug rehabilitation services or programs. Even if that is true, his claim is frivolous because an inmate has no constitutional right to such services or programs in prison. Beck v. Lynaugh, 842 F.2d 759, 762 (5th Cir. 1988); Davis v. St. Charles Parish Correctional Center, Civ. Action No. 10-98, 2010 WL 890980, at *10 (E.D. La. Mar. 8, 2010); Morrison v. Gusman, Civ. Action No. 10-217, 2010 WL 724173, at *6 (E.D. La. Feb. 22, 2010); Oatis v. St. Tammany Parish Sheriff's Office, Civ. Action No. 09-6266, 2009 WL 3566120, at *2-3 (E.D. La. Oct. 29, 2009); Oglesby v. Gusman, Civ. Action No. 09-3593, 2009 WL 3254145, at *2 (E.D. La. Oct. 7, 2009); Sampson v. Corrections Corporation of America, No. 08-CV-0915, 2009 WL 837640, at *16 (W.D. La. Mar. 26, 2009); Wilbon v. Gusman, Civ. Action No. 05-2443, 2006 WL 2119458, at *2 (E.D. La. July 25, 2006).

Plaintiff also complains that the law library program is inadequate. It is clear that prisoners have a constitutional right of meaningful access to the courts, including access to adequate law libraries or assistance from legally trained personnel needed to file nonfrivolous legal claims challenging their convictions or conditions of confinement. Bounds v. Smith, 430 U.S. 817, 828 (1977); Jones v. Greninger, 188 F.3d 322, 325 (5th Cir. 1999). However, the Supreme Court in Bounds "did not create an abstract, freestanding right to a law library or legal assistance" in the prison. See Lewis v. Casey, 518 U.S. 343, 351 (1996).

Moreover, with respect to such claims, "an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." Lewis, 518 U.S. at 351.  Rather, he must be able to show that his position as a litigant was in fact prejudiced by the denial of access.  See, e.g., Chriceol v. Phillips, 169 F.3d 313, 317 (5th Cir. 1999); Ruiz v. United States, 160 F.3d 273, 275 (5th Cir. 1998); McDonald v. Steward, 132 F.3d 225, 230-31 (5th Cir. 1998); Walker v. Navarro County Jail, 4 F.3d 410, 413 (5th Cir. 1993).  In this case, plaintiff has not alleged that he has suffered such prejudice.  Clearly, his lack of direct access to a law library did not adversely affect his ability to file *this* lawsuit.  On the contrary, he was able to set forth his claims in the complaint and have the Court review them; therefore, he has experienced no prejudice as result of not having direct access to a law library when drafting this complaint.  Simply put, plaintiff "has not alleged that he was actually denied access to the court or that any pending litigation was prejudiced, and therefore has not stated a cognizable § 1983 claim."  Clark v. Foti, No. 94-30615, 1995 WL 136127, at *2 (5th Cir. Mar. 8, 1995).

Further, in any event, numerous cases in this Court over the years have established that, although inmates within the Orleans Parish Prison system are not allowed direct access to a law library, they are allowed to request and borrow law books from a central law library.  The adequacy of that legal program, including the use of that law book loan system, was fully litigated in Howard v. Foti, No. 82-460 c/w 84-499, and monitored by this Court for many years.  In that case, the Court fashioned an order to ensure that the prison law library and legal services program were constitutionally adequate, and it was determined that the Orleans Parish Prison system's law library and legal services program would be constitutionally adequate if the specifications set forth in the

7

Court's order were met. Howard v. Foti, No. 82-460 c/w 84-499, 1989 WL 152715, at *1 (E.D. La. Dec. 14, 1989); see also Francis v. Gusman, Civ. Action No. 05-4065, 2006 WL 1985961, at *4 (E.D. La. June 21, 2006); Griffin v. Foti, Civ. Action No. 03-2670, 2004 WL 1687864, at *2 (E.D. La. July 27, 2004). This Court need not endlessly relitigate the very issue decided in Howard v. Foti, especially in that plaintiff has not alleged that either the facts or the law have changed since that case was decided. Therefore, this Court looks to that precedent and finds that plaintiff's claim is meritless.[4] See Morrison v. Gusman, Civ. Action No. 10-217, 2010 WL 724173, at *6 (E.D. La. Feb. 22, 2010).

Plaintiff next complains, without elaboration, that the recreational programs at the prison are likewise inadequate. However, "failure to provide a ... recreation program does not, by itself, constitute cruel and unusual punishment." Stewart v. Winter, 669 F.2d 328, 336 n.19 (5th Cir. 1982). "Furthermore, to establish an Eighth Amendment violation for conditions of confinement, a prisoner must show that the alleged violation was sufficiently serious – it deprived him of the minimal level of life's necessities – and that prison officials acted with deliberate indifference to his health or safety." Umondak v. Ginsel, 426 Fed. App'x 267, 269 (5th Cir. 2011), cert. denied, No. 11-5765, 2011 WL 3515339 (U.S. Oct. 11, 2011). In this context, deliberate indifference exists only where the defendant (1) was aware of facts from which an inference of an excessive risk to the

---

[4] "Stare decisis is the doctrine that demands adherence to judicial precedents." Meadows v. Chevron, U.S.A., Inc., 782 F. Supp. 1189, 1192 (E.D. Tex. 1991), aff'd in part, 990 F.2d 626 (5th Cir. 1993). The doctrine requires that like facts be given like treatment in a court of law. See Taylor v. Charter Medical Corp., 162 F.3d 827, 832 (5th Cir. 1998). Stare decisis is not narrowly confined to parties and their privies; rather, when its application is appropriate, the doctrine is broad in impact, reaching strangers to earlier litigation. Equal Employment Opportunity Commission v. Trabucco, 791 F.2d 1, 2 (1st Cir. 1986).

prisoner's health or safety could be drawn and (2) actually drew an inference that such potential for harm existed. Id. Because plaintiff has not alleged that Sheriff Gusman was aware of an excessive risk to plaintiff's health or safety or knew a potential for harm existed and acted with deliberate indifference to it, the allegations in the complaint regarding the lack of an adequate recreation program are insufficient to state a claim that is plausible on its face. Id.

Lastly, plaintiff complains, again without elaboration, that the prison conditions are unsanitary. Admittedly, there is a point beyond which a prison cell's conditions are so unsanitary as to render them unconstitutional. See, e.g., Gates v. Cook, 376 F.3d 323, 338 (5th Cir. 2004) (confinement in "'extremely filthy' [cells] with crusted fecal matter, urine, dried ejaculate, peeling and chipping paint, and old food particles on the walls" was unconstitutional). However, plaintiff has not alleged that he was subjected to conditions rising to that level, and conclusory allegations that prison living conditions are "substandard" fail to state a claim. Carter v. Strain, Civ. Action No. 09-15, 2009 WL 3231826, at *4 (E.D. La. Oct. 1, 2009); Friedland v. Hayman, Civ. Action No. 06-2583, 2006 WL 3359716, at *10 (D.N.J. Nov. 16, 2006). Further, the mere fact that the prison is not always as pleasant as he would have like does not render the conditions unconstitutional. See Talib v. Gilley, 138 F.3d 211, 215 (5th Cir. 1998) ("[T]he Constitution does not mandate prisons with comfortable surroundings or commodious conditions."); Wilson v. Lynaugh, 878 F.2d 846, 849 & n.5 (5th Cir. 1989) (noting that the Constitution does not protect prisoners from "discomfort and inconvenience" and that prisoners "cannot expect the amenities, conveniences, and services of a good hotel"). McAllister v. Strain, Civ. Action No. 09-2823, 2009 WL 5178316, at *3 (E.D. La. Dec. 23, 2009) ("The Constitution does not require that prisons be completely sanitized or as clean or free from potential hazards as one's home might be.").

**RECOMMENDATION**

It is therefore **RECOMMENDED** that plaintiff's federal civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and/or for failure to state a claim on which relief may be granted.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[5]

New Orleans, Louisiana, this nineteenth day of October, 2011.



**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**

---

[5] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.